NAME **Michael Ray Armijo**

PRISON IDENTIFICATION/BOOKING NO. **# BN 3853**

ADDRESS OR PLACE OF CONFINEMENT **P.O. Box 705**

**Soledad, CA 93960**

Note:    It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his or her name, address, telephone and facsimile numbers, and e-mail address.

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 1 2024

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IFP Submitted

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**Michael Ray Armijo**

FULL NAME (Include name under which you were convicted)

Petitioner,

v.

**Edward Borla, Warden**

NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:

CV **8-24-cv-00719-RGK-(JC)**

To be supplied by the Clerk of the United States District Court

☐ _____ **AMENDED**

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
### 28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION **Orange Co.**

PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)

CV _____

CV _____

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3.    Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.    Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.    **You must pay a fee of $5.00.** If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.    When you have completed the form, send the original and two copies to the following address:

Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
255 East Temple Street, Suite TS-134
Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention _Correctional Training Facility_
   b. Place of conviction and sentence _Orange County Superior Court_

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*) : _Kidnapping to Commit Robbery_
      _2 counts_

   b. Penal or other code section or sections: _206.6_

   c. Case number: _19WF2758_
   d. Date of conviction: _2020_
   e. Date of sentence: _2020_
   f. Length of sentence on each count: _7 yrs. to life × 2_

   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere

   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?    ☒ Yes  ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: _G060073_
   b. Grounds raised (*list each*):
      (1) _Due Process Violation U.S. Const. 14TH Amend (See Attached)_
      (2) _Constitutional Right to effective assistance of_
          _Counsel (U.S. Const. 6TH, 14TH Amend CAL Const. Art 1 § 15)_
          _(See Attached)_

(3) _____

(4) _____

(5) _____

(6) _____

c. Date of decision: _3 / 2 / 23_____

d. Result ___Denied_____

_____

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes ☐ No

If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number: ___S279339_____

b. Grounds raised *(list each)*:

(1) _See Attached_____

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c. Date of decision: _May 17, 2023_____

d. Result ___Denied_____

_____

5. If you did not appeal:

a. State your reasons _____

_____

_____

_____

_____

b. Did you seek permission to file a late appeal? ☐ Yes ☒ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☐ Yes ☒ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

    (a) _____

    (b) _____

    (c) _____

    (d) _____

    (e) _____

    (f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?     ☐ Yes   ☐ No

b.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

_____

    (7) Was an evidentiary hearing held?     ☐ Yes   ☐ No

c.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes ☐ No

7.  Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

_____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

8.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

    **CAUTION**:    *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a.  Ground one: Due Process Violation U.S. Const. 14TH Amend

    (1) Supporting FACTS:    See Attached

_____

_____

_____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☒ Yes    ☐ No

    (3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes    ☐ No

    (4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☒ No

b.  Ground two: Constitutional Right to Effective Assistance of Counsel (U.S. Const. 6TH, 14TH Amend CAL Const. Art. 1 §15)

    (1) Supporting FACTS:    See Attached

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☒ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☒ No

c.  Ground three: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

d.  Ground four: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

e.  Ground five: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

9.  If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10.  Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes    ☒ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

b.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?        ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?        ☐ Yes ☒ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

12. Are you presently represented by counsel?        ☐ Yes ☒ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _March 14, 2024_        _____
            *Date*                          *Signature of Petitioner*

**VALERIE G. WASS**
ATTORNEY AT LAW

556 S. FAIR OAKS AVENUE
SUITE 9
PASADENA, CALIFORNIA 91105

Telephone (626) 797-1099
vgwassatty@gmail.com

*MAKE 3 copys*
*of the next 31*
*pages ' PlTAEL*

May 17, 2023

Michael Ray Armijo, BN3853
Correctional Training Facility
Post Office Box 705
Soledad, CA 93960

Dear Mr. Armijo:

Today the California Supreme Court denied your petition for review (Cal. Supreme Ct. Case No. S279339). The denial of your petition means you have now exhausted your state remedies. It also ends the scope of my appointment as your attorney.

If you want to continue to pursue your appeal on the issues raised in your petition for review, you must now proceed in federal court by filing a petition for writ of habeas corpus. At this point you are not entitled to the appointment of an attorney. If the federal district court does not issue a summary denial of your petition you might be able to have an attorney appointed. Enclosed is a packet of information from the Prison Law Office along with a instructions and a form for filing the federal petition on your own.

**You must file the petition within one year from the date your judgment becomes final. The finality of the judgment could reasonably be understood as 90 days from the date your petition for review was denied, but it would be safer for you to file within one year of the date your petition for review was denied, or one year from the date the court issues the remittitur.** (The Court of Appeal docket indicates that remittitur, which finalizes the opinion of the Court of Appeal, is due to be filed on June 6, 2023, although it could occur sooner. I will send you a copy once it is filed and I receive a copy.)

I am truly sorry we were unable to obtain a more favorable result in your appeal. Best of luck to you in the future.

Very truly yours,

VALERIE G. WASS

Encls.

**VALERIE G. WASS**

ATTORNEY AT LAW

556 S. FAIR OAKS AVENUE
SUITE 9
PASADENA, CALIFORNIA 91105

Telephone (626) 797-1099
vgwassatty@gmail.com

May 22, 2023

Michael Ray Armijo, BN3853
Correctional Training Facility
Post Office Box 705
Soledad, CA  93960

Dear Mr. Armijo:

Enclosed is a copy of the remittitur that was filed on May 18, 2023.  The judgment of the Court of Appeal became final with the filing of the remittitur.  As I mentioned in my last letter when I sent you the form and instructions for filing a petition for writ of habeas corpus in federal court, if you want to proceed in federal court you must file your petition within one year from the date the judgment becomes final.

Very truly yours,

VALERIE G. WASS

Encl.

COURT OF APPEAL - STATE OF CALIFORNIA
FOURTH APPELLATE DISTRICT
DIVISION THREE

Office of the County Clerk
Orange County Superior Court - Central
700 Civic Center Drive West
Santa Ana, CA 92702

THE PEOPLE,
Plaintiff and Respondent,
v.
MICHAEL RAY ARMIJO,
Defendant and Appellant.

**G060073**
**Orange County Super. Ct. No. 19WF2758**

---

### * * REMITTITUR * *

I, Brandon L. Henson, Clerk/Administrator of the Court of Appeal of the State of California, for the Fourth Appellate District, Division III, do hereby certify that the attached is a true and correct copy of the original opinion or decision entered in the above-entitled cause on March 2, 2023 and that this opinion has now become final.

___Appellant ___Respondent to recover costs
___Each party to bear own costs
✔Costs are not awarded in this proceeding
___See decision for costs determination

Witness my hand and the Seal of the Court affixed at my office this May 18, 2023.



Brandon L. Henson,
Clerk/Executive Officer

By: Sandra Mendez, Deputy Clerk

IN THE COURT OF APPEAL OF THE  STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT, DIVISION THREE

**THE PEOPLE OF THE STATE OF CALIFORNIA,** | No. G060073

Plaintiff and Respondent,

v.

**MICHAEL RAY ARMIJO,**

Defendant and Appellant.

Orange County Superior Court No. 19WF2758

The Honorable Scott A. Steiner, Judge

## APPELLANT'S REPLY BRIEF

Valerie G. Wass
Attorney at Law
State Bar No. 100445
wass100445@gmail.com
556 S. Fair Oaks Ave., Suite 9
Pasadena, CA  91105
(626) 797-1099

Counsel for Appellant
Michael Ray Armijo
By Appointment of the
Court of Appeal

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I. Appellant's Convictions for Kidnapping to Commit Robbery Violate His Federal Constitutional Right to Due Process and Must Be Reversed Because There Was an Absence of Substantial Evidence to Establish that He Had the Intent to Rob the Victims at the Time the Kidnapping Commenced. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II. The Trial Court Committed Reversible Error by Failing to Elicit Appellant's Waiver of the Statute of Limitations in Order to Instruct the Jury on the Lesser Included Offense of Simple Kidnapping. . . . . . . . . 11

 A. Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

 B. The Trial Court Was Required to Inform Appellant of his Right to Waive the Statute of Limitations on Simple Kidnapping so the Jury Could Be Instructed on this Lesser Included Offense and Its Failure to Do So Constitutes Error. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

 C. Appellant Did Not Invite the Alleged Error. . . . . . . . . . . . . . . . . . . . . . . . . 13

 D. The Error Was Prejudicial and Requires Reversal of Appellant's Convictions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF CONTENTS, Con't

**Page**

III.  If the Claim Raised in Argument II Has Been Forfeited by Any Act and/or Omission of Appellant's Trial Counsel then Appellant Was Denied His Federal and State Constitutional Right to Effective Assistance of Counsel........................ 16

    A.  Introduction. ........................... 16

    B.  If Appellant's Claim of Instructional Error Was Forfeited He Was Denied His Constitutional Right to Effective Assistance of Counsel.................... 16

IV.  Appellant Is Entitled to One-for-Two Conduct Credits Because He Was Convicted of a Violent Felony Prior to the Effective Date of the Statute Limiting Conduct Credit to 15 Percent for Individuals Convicted of Violent Felonies........ 21

V.  The Judgment Should Be Amended to Accurately State the Sentence Imposed and the Trial Court Should Be Ordered to Amend the Sentencing Hearing Minutes and Abstract of Judgment so They Accurately Reflect the Judgment. ............. 22

    A.  Introduction. ........................... 22

    B.  Describing a Sentence of Life with the Possibility of Parole as "Seven Years to Life" Is Incorrect Because a Life Term With the Possibility of Parole Does Not Carry a Minimum Determinate Term of Seven Years..................... 22

## TABLE OF CONTENTS, Con't

Page

C. This Court Should Order the Trial Court to Correct the Sentencing Minutes and Prepare an Amended Abstract of Judgment that Properly Reflects the Judgment. ....................... 24

VI. The Court's Minutes and Abstract of Judgment Must Be Amended Because They Do Not Accurately State the Judgment and Reflect a Fine and Fees Not Imposed by the Court. .................................. 25

CONCLUSION. ........................................ 26

CERTIFICATE OF COMPLIANCE. ..................... 27

PROOF OF SERVICE. ................................. 28

## TABLE OF AUTHORITIES

**Cases**                                                              **Pages**

*Cowan v. Superior Court*
  (1996) 14 Cal.4th 367. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*In re Alvarado*
  (1972) 27 Cal.App.3d 610. . . . . . . . . . . . . . . . . . . . . . . . .  10

*In re Dennis*
  (1975) 46 Cal.App.3d 50. . . . . . . . . . . . . . . . . . . . . . . . . .  10

*In re Winship*
  (1970) 397 U.S. 358. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Jackson v. Virginia*
  (1979) 443 U.S. 307. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Mary M. v. City of Los Angeles*
  (1991) 54 Cal.3d 202. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*People v. Acosta*
  (1996) 48 Cal.App.4th 411. . . . . . . . . . . . . . . . . . . . . . . .  21

*People v. Bolin*
  (1998) 18 Cal.4th 297. . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

*People v. Bouzas*
  (1991) 53 Cal.3d 467. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25

*People v. Delgado*
  (2008) 43 Cal.4th 1059. . . . . . . . . . . . . . . . . . . . . . . . . . .  25

*People v. Holmes, McLain and Newborn*
  (2022) 12 Cal.5th 719. . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*People v. Jefferson*
  (1999) 21 Cal.4th 86. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

*People v. Jones*
  (2012) 54 Cal.4th 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25

*People v. Robinson*
  (2014) 232 Cal.App.4th 69. . . . . . . . . . . . . . . . . . . . . . .  23, 24

*People v. Smith*
  (2001) 24 Cal.4th 849. . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

*People v. Werner*
  (2012) 207 Cal.App.4th 1195. . . . . . . . . . . . . . . . . . . . . .  25

## TABLE OF AUTHORITIES, Con't

**Cases**                                                                     **Pages**

*People v. Wong*
  (2018) 27 Cal.App.5th 972. . . . . . . . . . . . . . . . . . . . . . .   23

*Strickland v. Washington*
  (1984) 466 U.S. 668. . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

**Cons't Provisions**

Cal. Const., art. I, § 15. . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

U.S. Const., 6th Amend. . . . . . . . . . . . . . . . . . . . . . . . .   19, 20

U.S. Const., 14th Amend. . . . . . . . . . . . . . . . . . . . . . . .   10, 20

**Statutes**

Pen. Code

  § 4019.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

  § 12022.5, subd. (a). . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT, DIVISION THREE

---

THE PEOPLE OF THE STATE OF CALIFORNIA,

      Plaintiff and Respondent,

      v.

MICHAEL RAY ARMIJO,

      Defendant and Appellant.

No. G060073

---

## INTRODUCTION

Respondent has filed a brief disagreeing with arguments I, II, III and V in appellant's opening brief, and agreeing that appellant is entitled to 224 days of presentence custody credit as set forth in argument IV. Appellant's contentions in Argument VI of his opening brief are not addressed by respondent.

In this reply brief appellant does not attempt to respond to each of respondent's contentions because the majority are fully covered in appellant's opening brief. Only new points and those that require additional comment or clarification are addressed in order to assist this Court in resolving the pertinent issues.[1] Any failure to repeat the arguments advanced in appellant's opening brief or to reply to any specific point raised by respondent is not intended as a concession or waiver.

---

[1] There is an error on page 33 of appellant's opening brief. The record citation "2RT 47" is incorrect and should be replaced with "1RT 48."

# ARGUMENT

## I.

**Appellant's Convictions for Kidnapping to Commit Robbery Violate His Federal Constitutional Right to Due Process and Must Be Reversed Because There Was an Absence of Substantial Evidence to Establish that He Had the Intent to Rob the Victims at the Time the Kidnapping Commenced**

It is respondent's position that substantial evidence establishes that appellant acted with the attempt to commit robbery when he knocked on the window of the victims' car, and thus this Court should affirm appellant's convictions for kidnapping to commit robbery. (RB 17-25.) Noting that at the time appellant first confronted the victims he did not state his intentions, respondent contends that "the carefully executed and drawn-out ordeal spanning multiple hours and locations supports a finding that he harbored multiple objectives. (RB 20-21.) But it was not until the incident was well under way that there was any evidence of an intent to rob the victims.

In discussing the evidence respondent states, "With his cover blown and the sexual assault complete, appellant moved to the next phase of his plan, which was to rob the victims and reduce any chance of being identified by police." (RB 21.) Appellant disagrees that this was part of the plan he had when he commenced the kidnapping. Clearly he did not intend to have the victims ascertain that he was not a police officer, but once they did he was forced to deviate from his original plan and he subsequently robbed the victims which reduced his chance of being identified and apprehended. Therefore contrary to

respondent's position, appellant's commission of the robberies did
not constitute "evidence of his planning and methodical execution
of multiple objectives."  The fact that the incident took place over
the course of approximately five hours also fails to support a
finding that he had the intent to rob the victims at the time the
kidnapping commenced.  Instead, appellant's actions in driving
the victims around two counties for three to four hours after he
sexually assaulted Kim show that he lacked a plan after he
sexually assaulted Kim and the victims realized he was not a
police officer.

   Respondent argues, "If appellant's initial goal was limited
to sexual gratification, then he could have ordered F.V. out of the
car and driven away with just K.G.  He also could have left F.V.
standing alone away from the car in a dark commercial area
before or after he raped K.G.  Instead, he kidnapped two victims
and robbed both of them, supporting a finding that he intended
and planned to enrich himself from the beginning."  (RB 22.)  But
appellant could have taken any number of actions, and the fact he
did not drive away with just Kim, or leave Frank V. behind in a
commercial area does not in any way demonstrate that he had the
intent to rob the victims at the time the kidnapping began.

   Additionally respondent contends, "From the moment
appellant first ordered F.V. to drive, he presumably knew he
would need a way back to his own car or where he was staying;
therefore, he intended to steal the car as a means of escape."  (RB
23.)  This is nothing more than pure speculation by respondent in
an apparent attempt to convince this Court that appellant
possessed the intent to rob the victims at the commencement of

the kidnapping. There was no evidence appellant had a car, and it was never established where he was living or staying at the time of the incident, and thus it is unknown whether he would have needed a car to escape once he dropped off the victims.

Respondent also argues that because the jury was properly instructed on kidnapping to commit robbery "it is appropriate to draw all reasonable inferences in support of the jury's findings." (RB 24, distinguishing appellant's case from *In re Alvarado* (1972) 27 Cal.App.3d 610, and *In re Dennis* (1975) 46 Cal.App.3d 50.) The evidence, however, does not allow a reasonable inference that appellant intended to commit robbery at the time the kidnapping began. Instead, based on appellant's actions, it can reasonably be inferred that his sole intent at the time he began the kidnapping was to rape Kim, and that he did not form the intent to rob the victims until well after he had sexually assaulted Kim.

Although there was substantial evidence that appellant intended to rape Kim at the time he commenced the kidnapping, it fell well short of establishing that at that time he had the intent to rob the victims. Accordingly his aggravated kidnapping convictions violate his federal constitutional right to due process and must be reversed. (U. S. Const., 14th Amend.; *Jackson v. Virginia* (1970) 443 U.S. 307, 319; *In re Winship* (19 70) 397 U.S. 358, 364.)

## II.

**The Trial Court Committed Reversible Error by Failing to Elicit Appellant's Waiver of the Statute of Limitations in Order to Instruct the Jury on the Lesser Included Offense of Simple Kidnapping**

### A.    Introduction

Respondent disputes appellant's contention that the trial court committed reversible error by failing to elicit appellant's waiver of the statute of limitations so it could instruct the jury on the lesser included offense of simple kidnapping.  Specifically respondent asserts that the trial court had no sua sponte duty to instruct on the lesser included offense or obtain a waiver of the statute of limitations, and appellant invited any error "by declining instruction on the lesser offenses."  (RB 25-34.)  As explained below, although the trial court did not have a sua sponte duty to instruct on the time-barred offense of simple kidnapping, it was required to advise appellant of his right to waive the statute of limitations so the jury could receive an instruction on the lesser included offense, and because the record does not reflect that appellant was aware of his right to waive the statute he has not invited any error.

### B.    The Trial Court Was Required to Inform Appellant of his Right to Waive the Statute of Limitations on Simple Kidnapping so the Jury Could Be Instructed on this Lesser Included Offense and Its Failure to Do So Constitutes Error

Respondent's position is that a trial court is not required to elicit "an express waiver for time-barred jury instructions."  (RB

11

31-32.)  According to respondent, the California Supreme Court in *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 376-377, "*encouraged* trial courts to elicit waivers [of the statute of limitations] 'as a condition of' entering a guilty plea or giving instruction on a time-barred lesser offense."  (RB 31, emphasis added.)  But the *Cowan* court did more than encourage the elicitation of such waivers.  It stated that when a trial court considers whether the jury should be instructed on a lesser included offense, it "*should* determine whether there may be a problem with the statute of limitations regarding that offense.  If so, the court *should* elicit a waiver of the statute as a condition of ... giving the instruction."  (*Id.* at pp. 376-377.)  The Court's use of the word "should" instead of "may" in its statement must be construed as a requirement or duty of the court to elicit a waiver of the statue of limitations when a lesser included offense supported by the evidence is otherwise barred by the statute of limitations.

Respondent definitively states, "[T]he decision not to pursue instruction on time-barred lesser offenses was a matter of trial strategy."  (RB 33.)  Appellant disagrees because the record does not reflect that appellant and his trial counsel were aware that appellant could waive the statute of limitations in order to obtain an instruction on the lesser included offense of simple kidnapping.  Thus the trial court erred by failing to elicit appellant's waiver because the offense of simple kidnapping was supported by substantial evidence.

## C. Appellant Did Not Invite the Alleged Error

Respondent contends that the doctrine of invited error precludes appellant from obtaining a reversal due to the error alleged by appellant.  (RB 33-34.)  As recently noted by our Supreme Court, "Under the doctrine of invited error, when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error." (*People v. Holmes, McLain and Newborn* (2022) 12 Cal.5th 719, 821-822, citing *Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212.)  Although ultimately defense counsel informed the court that after discussing the matter with appellant the defense was not requesting an instruction on simple kidnapping (2RT 213), the alleged error was not invited because the record does not reflect that the court advised appellant of his right to waive the statute of limitations in order to obtain an instruction on simple kidapping, or that appellant was aware of this option.

Respondent acknowledges that defense counsel did not set forth the reasons why he was not requesting an instruction on simple kidnapping and there was no discussion regarding the limitations issue with the simple kidnapping offense after the court researched the issue.  (RB 33-34.)  Nevertheless, respondent asserts that "the record supports a finding that the decision was a deliberate, tactical choice." (RB 33.)  Respondent also contends, "Given the time that the parties set aside to research and discuss the issue, it is clear that counsel did not act out of ignorance or mistake.  Thus, the invited doctrine applies, and appellant is

barred from complaining about the court's failure to so instruct."
(RB 34.)

First it must be noted that appellant's claim of error is not
that the trial court erred by failing to instruct on simple
kidnapping. Rather, he contends that the trial court erred by
failing to advise appellant of his right to waive the statute of
limitations so it could instruct on the lesser included kidnapping
offense and by not offering appellant the opportunity to do so.
(AOB 40-51.)

The record reflects that initially defense counsel thought a
simple kidnapping instruction was barred by the statute of
limitations, but the court was not certain if that was true. (1RT
206-207.) On the next court day the court inquired as to whether
the defense was still "requesting the lesser," and defense counsel
stated that after speaking with appellant they were not
requesting the instruction. (2RT 213.) The court then referenced
the research it had conducted, and noted it had "never
encountered a situation before where LIO's were outside the
statute." (2RT 213-214.) But the court never stated the result of
its research, or indicated or advised appellant that he had the
right to waive the statute of limitations in order to have the jury
instructed on the lesser included offense. Moreover, defense
counsel did not indicate he had conducted esearch on the issue or
that appellant was unwilling to waive the statute of limitations in
order to have the jury instructed on simple kidnapping. Because
appellant was never given the choice of whether to waive the
statute of limitations on the simple kidnapping offense, the
invited error doctrine does not bar his claim.

14

### D.     The Error Was Prejudicial and Requires Reversal of Appellant's Convictions

In Argument II-G of appellant's opening brief, appellant illustrated that he was prejudiced by the trial court's failure to offer him the option of waiving the statute of limitations so the jury could be instructed on simple kidnapping. (AOB 46-51.) Respondent, however, does not address the issue of prejudice in the context of this argument.[2] For the reasons set forth in appellant's opening brief, this Court should find the error prejudicial regardless of whether the federal or state standard of prejudice applies.

---

[2] Respondent only discusses prejudice in the context of appellant's claim of ineffective assistance of counsel in Argument III. (RB 38-39.)

### III.

### If the Claim Raised in Argument II Has Been Forfeited by Any Act and/or Omission of Appellant's Trial Counsel then Appellant Was Denied His Federal and State Constitutional Right to Effective Assistance of Counsel

#### A.    Introduction

Despite respondent's claim that any error in failing to instruct on simple kidnapping was invited by appellant due to his counsel declining instruction on any lesser offenses, respondent asserts that appellant was not denied his constitutional right to effective assistance because appellant cannot establish prejudice. (RB 34-39.)  For the reasons discussed below, respondent is mistaken.

#### B.    If Appellant's Claim of Instructional Error Was Forfeited He Was Denied His Constitutional Right to Effective Assistance of Counsel

It should be noted that respondent has mischaracterized appellant's claim.  Anticipating respondent's typical claim of forfeiture, appellant in his opening brief argued that *if* this Court finds his claim in Argument II forfeited due to any act or omission of his trial counsel, then he was denied his federal and state constitutional right to effective assistance of counsel.  (AOB 52.) Respondent states, "Implicitly recognizing the court had no sua sponte duty to elicit a waiver and so instruct, appellant contends he was denied effective assistance of counsel because reasonably competent counsel would have requested to waive the statute of limitations in order to have the jury instructed on the lesser offense of simple kidnapping.  (RB 34.)  This is inaccurate because

16

in Argument II of his opening brief appellant asserted that the trial court had a duty to elicit appellant's waiver of the statute of limitations so that it could instruct on the lesser included offense of simple kidnapping, and it erred by failing to do so.  (AOB 52.)

Respondent offers two reasons that appellant's claim of ineffective assistance of counsel fails:  (1) the record "suggests" defense counsel had "rational tactical purposes" for not requesting an instruction on the time-barred lesser included offense; and (2) appellant cannot establish prejudice.  (RB 36-39.) Neither reason is supported by the record.

With regard to defense counsel's performance, respondent speculates that counsel may not have sought an "instruction on the lesser time-barred offense of simple kidnapping" as counsel "could have wanted to avoid arguing inconsistent defenses."  (RB 36.)  This argument has several flaws.  First, even if defense counsel had requested the instruction and it was given, he would not have been required to argue in support of the instruction.  An instruction on simple kidnapping would have provided the jury with an option that was supported by supported by the evidence if it rejected appellant's testimony, regardless of whether defense counsel argued in support of the lesser included offense.  Second, defense counsel's statement that he would accept an instruction on false imprisonment if the court were willing to give it shows that counsel was not concerned about the jury being instructed on a defense inconsistent with appellant's testimony.  Additionally, as previously noted in the preceding argument, the record does not reflect that defense counsel was aware that appellant had the option to waive the statute of limitations on simple kidnapping to

17

obtain an instruction thereon.

Respondent also argues that defense counsel's decision not to request a simple kidnapping instruction could have been a reasonable tactical decision to proceed with an "all-or-nothing strategy." (RB 36.) The evidence, however, overwhelmingly demonstrates that appellant committed the kidnapping with the intent to rape Kim G., and therefore it would not have been a reasonable tactical decision to forego an instruction on simple kidnapping since appellant could be charged with kidnapping to commit robbery, but not kidnapping to commit rape. Although respondent does not acknowledge the fact, pointed out in appellant's argument, that the trial court during sentencing stated that appellant's testimony lacked credibility and "was absurd" and "ridiculous" (RB 56, citing 3RT 514), in arguing there was an absence of prejudice, respondent asserts that "overwhelming evidence supported the jury's finding that appellant committed aggravated kidnapping." (RB 38.)

Regarding appellant's assertion that it appears defense counsel did not ascertain appellant had the option of waiving the statute of limitations so the jury could be instructed on simple kidnapping, respondent contends "defense counsel was alerted to the issue and afforded time to research it and consider how to proceed." (RB 37.) But at the next hearing defense counsel did not state he had conducted any research on the issue, and instead informed the court that after speaking with appellant they were not requesting an instruction on the lesser included offense. (2RT 213.) If, as it appears, defense counsel did not research the issue and learn that appellant had the option of waiving the statute of

18

limitations, the fact that he was afforded time to do so supports appellant's claim that his counsel's performance was deficient. (See *People v. Bolin* (1998) 18 Cal.4th 297, 334 [a defense attorney's decision is not informed if it is made in ignorance, or is based on an unreasonable failure to investigate].) In light of the evidence and the fact the aggravating kidnapping offenses carried life terms, defense counsel's failure to request the court to allow appellant to waive the statute of limitations so the jury could be instructed on the lesser included offense of kidnapping constituted performance below the standard of reasonableness guaranteed by the Sixth Amendment. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688.)

In arguing appellant cannot establish prejudice, respondent asserts that although the evidence establishes appellant committed the kidnappings with the intent to rape Kim G., "such evidence does not establish the lack of a dual objective, namely, to commit robbery." (RB 38.) Respondent asserts, "The fact that he [appellant] assaulted K.G. before stealing the victims' wallets, money, cigarettes and car is not evidence that he never intended to take the items. Indeed, as previously noted, appellant knew he needed to take the car from the very start in order to escape." (RB 39.) In making this argument respondent overlooks the fact that while appellant's actions *during* the incident eventually evidenced an intent to rob the victims, evidence as to whether he possessed the intent to rob the victims at the time the kidnappings commenced was certainly susceptible of a reasonable doubt. (See AOB, Argument I-D.) Although respondent contends that at the very beginning appellant knew he had to take the

19

victim's car to escape, this is pure speculation, as there is no evidence supporting this contention.

For the reasons set forth in Argument II-G in appellant's opening brief, if the court had instructed the jury on simple kidnapping it is reasonably probable appellant would have been convicted of the lesser offense instead of the aggravating kidnapping offenses. (See AOB 49-51.) Thus it is reasonably probable that if defense counsel had requested the court to allow appellant to waive the statute of limitations and instruct on the lesser included offense, appellant would have received more favorable verdicts. If appellant's claim set forth in Argument II of his opening brief is deemed forfeited by his counsel's action or inaction, then this Court should find that appellant was denied his federal and state constitutional right to effective assistance of counsel and address the merits of his claim. (U.S. Const., 6th, 14th Amends.; Cal. Const., art. I, § 15.)

## IV.

**Appellant Is Entitled to One-for-Two Conduct Credits Because He Was Convicted of a Violent Felony Prior to the Effective Date of the Statute Limiting Conduct Credit to 15 Percent for Those Convicted of Violent Felonies**

In his opening brief appellant illustrated that because his crimes were committed in 1993, he is entitled to 224 days of presentence conduct credits which the trial court failed to award him.  (AOB 58-61.)  Respondent agrees.  (RB 40-42.)  For the reasons set forth in appellant's argument, this Court should order the trial court to prepare an amended abstract of judgment that properly reflects 225 days of conduct credit pursuant to Penal Code section 4019.  (*People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 8; *People v. Smith* (2001) 24 Cal.4th 849, 852-854.)  This court should direct the trial court to specify that the 225 days are local conduct credit pursuant to Penal Code section 4019 in part 15 of the abstract, and to remove the following sentence from the "Other Orders" in part 12 of the abstract, "Pursuant to Penal Code 2933.2 the defendant shall not accrue any credit."  (See 1CT 232.)

V.

**The Judgment Should Be Amended to Accurately State the Sentence Imposed and the Trial Court Should Be Ordered to Amend the Sentencing Hearing Minutes and Abstract of Judgment so They Accurately Reflect the Judgment**

### A.    Introduction

Respondent disputes appellant's position that the judgment should be amended to omit the reference to "seven years to life" on counts 1 and 2 and replaced with "life with the possibility of parole after 7 years" or "life with a minimum parole eligibility of seven years."  Additionally, respondent asserts the abstract of judgment must be amended so it reflects that the trial court imposed consecutive sentences on counts 1 and 2.  (RB 42-46.)

As discussed below, respondent's claim that the trial court did not err in articulating the life sentences as seven years-to-life lacks merit.  And although it is obvious from the abstract that the court imposed consecutive life sentences on counts 1 and 2, appellant does not oppose amendment of the abstract to check the "consecutive" box in part one of the abstract on lines one and two.

### B.    Describing a Sentence of Life with the Possibility of Parole as "Seven Years to Life" Is Incorrect Because a  Life Term With the Possibility of Parole Does Not Carry a Minimum Determinate Term of Seven Years

Respondent recognizes that a life term with the possibility of parole does not have a minimum determinate seven year term, and instead has a minimum parole eligibility date of seven years.

22

(RB 44, citing *People v. Robinson* (2014) 232 Cal.App.4th 69, 72, fn. 3; *People v. Wong* (2018) 27 Cal.App.5th 972.)  Nevertheless, respondent contends the trial court properly articulated the sentence on counts 1 and 2 as "seven years to life." (RB 44.)  To support its position respondent cites *People v. Jefferson* (1999) 21 Cal.4th 86, 101, fn. 3, where the Court stated, "By including the minimum term of imprisonment in its sentence, a trial court gives guidance to the Board of Prison Terms regarding the appropriate minimum term to apply, and it informs victims attending the sentencing hearing of the minimum period the defendant will have to serve before becoming eligible for parole." (RB 44.)  But in appellant's case the trial court did not specify that seven years was the minimum parole eligibility period.

Appellant does not contend that the trial court erred by including the minimum parole eligibility in the sentence. Instead, he contends the court erred by articulating the sentence on each aggravated kidnapping as "seven years to life."  In the abstract of judgment, box 6C is checked and states, "7 years to Life on counts 1, 2." (1CT 231.)  This is erroneous as box 5 should have been checked which states, "LIFE WITH POSSIBILITY OF PAROLE on counts," and " 1 and 2" should have been added.

Respondent does not acknowledge the fact, set forth in appellant's argument, that in *People v. Wong, supra*, 27 Cal.App.5th at p. 977, fn. 4, the court stated that referring to a life sentence with a seven year minimum parole eligibility date is incorrect because it does not indicate that seven years is the minimum parole eligibility period rather than the minimum term.

C.    **This Court Should Order the Trial Court to Correct the Sentencing Minutes and Prepare an Amended Abstract of Judgment that Properly Reflects the Judgment**

Respondent contends the abstract of judgment should be amended not only to reflect that counts 1 and 2 are consecutive, but also to reflect that his aggregate sentence is "10 years plus 14 years to life." (RB 45-46.)   This claim fails with regard to the aggregate sentence because although the total minimum parole eligibility for counts 1 and 2 is 14 years, 14 years is not a minimum determinate term.   (*People v. Robinson, supra*, 232 Cal.App.4th at p. 72, fn. 3.)  Moreover, the five year sentences imposed on the two Penal Code section 12022.5, subdivision (a) enhancements are properly reflected on both the sentencing minute order and abstract of judgment.  (1CT 43, 231.)

This Court should order the trial court to correct its minutes and prepare an amended abstract of judgment that properly reflects that the court imposed consecutive terms of life with the possibility of parole on counts 1 and 2.  Part 5 of the abstract should be checked and completed instead of part 6. Additionally, part 12 of the abstract should be amended so it states that the total term to be served in state prison is 10 years plus two life terms, each with a minimum parole eligibility of 7 years.[3]

---

[3] The "Other Orders" portion of the abstract in part 12 on page 2 erroneously states in part, "Total term to be served in State Prison is 24 year(s) to life." (1CT 232.)

24

## VI.

### The Court's Minutes and Abstract of Judgment Must Be Amended Because They Do Not Accurately State the Judgment and Reflect a Fine and Fees Not Imposed by the Court

As illustrated in appellant's opening brief, the sentencing minutes and abstract of judgment contain numerous errors which do not accurately reflect the judgment, including a clerical error and a specific fine and fees that were not imposed by the trial court.  Appellant requested this Court to order the trial court to correct these errors.  (AOB 64-66.)  Respondent has not addressed this claim, and its failure to do so should be deemed a concession of its merits.  (*People v. Bouzas* (1991) 53 Cal.3d 467, 480; *People v. Werner* (2012) 207 Cal.App.4th 1195, 1212.)  Accordingly, this Court should order the trial court to correct its minutes and prepare an amended abstract of judgment as requested by appellant so they will accurately reflect the judgment.  (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070; *People v. Jones* (2012) 54 Cal.4th 1, 89.)

## CONCLUSION

Based on the foregoing argument and authority, as well as on that presented in appellant's opening brief, this Court should reverse appellant's convictions due to the absence of substantial evidence to establish that appellant acted with the intent to rob the victims at the time the kidnappings commenced. In the alternative, reversal is required because the jury was not instructed on the lesser included offense of simple kidnapping. Should this Court decline to reverse the judgment, appellant must be awarded 244 days of presentence custody credit, and the trial court should be ordered to correct the sentencing minutes and amend the abstract of judgment so they accurately reflect the judgment, and to send copies of each to the Department of Corrections and Rehabilitation.

Dated:  August 8, 2022                    Respectfully Submitted;

                                          *Valerie G. Wass*
                                          Valerie G. Wass
                                          Attorney for Appellant
                                          Michael Ray Armijo

## CERTIFICATE OF COMPLIANCE

I hereby certify that the attached brief uses a 13 point Century Schoolbook font and contains 4,569 words, including footnotes.

Dated: August 8, 2022

*Valerie G. Wass*

## PROOF OF SERVICE

Case: *People v. Cruz,* Case No. G060073

I, Valerie G. Wass, certify:

I am an active member of the State Bar of California and am not a party to this cause. My business address is 556 S. Fair Oaks Ave., Suite 9, Pasadena, California 91105. On August 8, 2022, I deposited in a mailbox regularly maintained by the United States Postal Service at New York, New York, in the county in which I reside, a copy of the attached *Appellant's Reply Brief,* in a sealed envelope with postage fully prepaid, addressed as follows:

Orange County Superior Court
(Attn. Honorable Scott A. Steiner )
700 Civic Center Dr. West, 1st Flr.
Santa Ana, CA 92701

Michael Ray Armijo, BN3853
Wasco State Prison
Post Office Box 4400
Wasco, CA 93280

Justin Glenn
Deputy Public Defender
14 Civic Center Plaza
Santa Ana, CA 92701

My electronic service address is wass100445@gmail.com. On August 8, 2022, I transmitted a PDF version of the same document described above by electronic mail to the parties identified below using the e-mail service addresses indicated:

Appellate Defenders, Inc.
*eservice-court@adi-sandiego.com*

Paige B. Hazard, DAG
*Paige.Hazard@doj.ca.gov*

Orange County District Attorney
(Alexa Elliott DDA )
*Appellate@da.ocgov.com*

Office of the Attorney General
*SDAG.Docketing@doj.ca.gov*

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this 8th day of August, 2022.

*Valerie G. Wass*

